## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **Medical Administration Solutions, LLC**, **and David Owens,** ) | |
| ) | |
| Plaintiffs, ) | **CIVIL ACTION NO.** |
| ) | **1:23-cv-05120-MHC** |
| vs. ) | |
| ) | |
| **Truist Bank Inc, and Todd Zerbenski**, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION TO STAY DISCOVERY AND PRE-TRIAL DEADLINES

The Court should stay certain pretrial deadlines pending a ruling on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"). (Doc. 14). In support of this Motion to Stay Pre-Trial Deadlines, Defendants state as follows:

### Factual and Procedural History

On September 29, 2023, Plaintiffs filed their Complaint (the "Complaint") against Truist in the Superior Court of Gwinnett County, Georgia, Case No. 23-A-08501-2. On November 6, 2023, Truist timely removed the case to this Court and filed a Motion to Dismiss Plaintiffs' Complaint. (*See* Notice of Removal, Doc. 1 & Doc. 6). Plaintiffs responded by amending their Complaint in an attempt to save their deficient claims. (Doc. 13). Defendants filed the Motion to Dismiss, which seeks

dismissal of all Plaintiffs' claims and should be dispositive of the entire action. (*See* Doc. 14).

## Argument and Citation to Authority

The Court has broad discretion to control discovery and other pre-trial deadlines. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (holding that courts have "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *see also* LR 26.2B ("The court may, in its discretion, shorten or lengthen the time for discovery."); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (holding that district court did not abuse its discretion in staying discovery because the court had "sufficient information before it upon which to rule").

Because the Court's ruling on the pending Motion to Dismiss by Defendants could dispose of the entire lawsuit, compliance with certain of the early pre-trial obligations set forth in the Federal Rules and Local Rules would be premature at this juncture. As detailed in Defendants' Motion to Dismiss, Plaintiffs' claims fail for several independent reasons. (Doc. 14). Fundamentally, all of Plaintiffs' claims are barred by the limitations period in the applicable contract—a defect that cannot be cured. (*Id.*). Further, all of Plaintiffs' common law claims are preempted by the U.C.C. or fail as a matter of law. (*Id.*). The time and resources that the Parties would expend in drafting initial disclosures, drafting a joint preliminary planning report

and discovery plan and conducting a Rule 26(f) conference will have been spent unnecessarily if the Court grants Defendants' Motion to Dismiss.

Further, if the Court should decide that Plaintiffs stated any viable claim against Defendants, the Parties will not be prejudiced by a short delay of certain pre-trial deadlines, and judicial efficiency would dictate that the parties should not undergo such efforts when the same may prove to be moot after the decision of this Court. *See Panola Land Buyers Ass'n*, 762 F.2d at 1560. Moreover, if the Court were to grant partial relief, it may narrow the scope of necessary discovery.

Therefore, Defendants request that the Court temporarily stay the deadlines for: (1) the Rule 26(f) Early Planning Conference, *see* LR 16.1; (2) the Joint Preliminary Report and Discovery Plan, *see* LR 16.2; and (3) Initial Disclosures, *see* LR 26.1. Defendants propose that the parties comply with these three deadlines within 30 days of the Court's final ruling on Defendants' Motion to Dismiss (Doc. 14), if the Motion to Dismiss is not granted in its entirety.

## Conclusion

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Stay Pre-Trial Deadlines.

Respectfully submitted this 8th day of January, 2024.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Nancy H. Baughan*
Nancy H. Baughan

Georgia Bar No. 042575
Chase C. Lyndale
Georgia Bar No. 183762
nbaughan@bradley.com
clyndale@bradley.com

Promenade Tower
1230 Peachtree Street NE
Atlanta, GA  30309
(404) 868-2013
(404) 868-2010 (facsimile)

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document

has been prepared in accordance with Local Rule 5.1(B).

<u>*/s/ Nancy H. Baughan*</u>
Nancy H. Baughan

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **Medical Administration Solutions, LLC**, **and David Owens,** ) | |
| ) | **CIVIL ACTION NO.** |
| Plaintiffs, ) | **1:23-cv-05120-MHC** |
| ) | |
| vs. ) | |
| ) | |
| **Truist Bank Inc, and Todd Zerbenski**, ) | |
| ) | |
| Defendants. ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have on this day served a true copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY AND PRE-TRIAL DEADLINES** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to all counsel of record.

This 8th day of January, 2024.

*/s/ Nancy H. Baughan*
Nancy H. Baughan